HERNÁNDEZ, PETITIONER, v. HUTCHISON, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of Mayagüez in an action of debt begun in the Municipal Court of Mayagüez.

No. 123.—Decided May 29, 1914.

DEATH OF PARTY — JUDGMENT AGAINST DECEASED PARTY — SUBSTITUTION OF PARTY.—A judgment rendered by a court against a party who has died, of which fact evidence was introduced before the trial was held, is void. In such cases the action should be continued against the representative or successor of the deceased pursuant to the provisions of section 69 of the Code of Civil Procedure.

ID.—APPEAL IN NAME OF DECEASED—SUBSTITUTION OF PARTY.—An appeal taken in the name of a party who has died or in the name of a brother of the deceased who has not been substituted as a party pursuant to the provisions of section 69 of the Code of Civil Procedure, is void.

CERTIORARI—WRIT OF RIGHT—ERROR OF PROCEDURE—DISCRETION OF COURT.—When a writ of *certiorari* is employed to correct the procedure of a lower court it is not a writ of right and should be issued only when a special reason therefor is shown to the court and the court is vested with judicial discretion to grant or deny the same as justice in each case may require.

ID.—ERROR OF PROCEDURE—LACHES.—When, as in the case at bar, a writ of *certiorari* is employed to correct errors of procedure and the application for the writ is filed eight months after the entering of the order sought to be set aside and no special reasons are given for the delay and the order objected to, although erroneous, is just, the writ of *certiorari* must be denied.

The facts are stated in the opinion.

The petitioner filed a brief *pro se*.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The present application for a writ of *certiorari* was presented by Agustín Hernández Mena on May 1 for the purpose of having this court review the proceedings in the District Court of Mayagüez in an appeal from a judgment rendered by the Municipal Court of Mayagüez in an action prosecuted therein by Agustín Hernández Mena against Avelino Martínez Mercado for the recovery of the sum of $500,

praying that by said review this court annul the orders of the said District Court of Mayagüez of February 10 and August 18, 1913.

By the first of said orders, or that of February 10, 1913, the District Court of Mayagüez overruled a motion by Hernández Mena for an order declaring null and void the notice of appeal of Attorney José Benet appealing from the judgment rendered by the Municipal Court of Mayagüez on July 29, 1912; and by the second, or that of August 18, 1913, the said District Court of Mayagüez sustained a motion of Attorney José Benet filed in the name of Manuel Martínez Mercado praying for the annulment of all proceedings had in the case since June 3, 1912, when defendant Avelino Martínez Mercado died.

It appears from the record that the Municipal Court of Mayagüez rendered in the case referred to the following judgment:

"The present case was called for trial to-day, July 29, 1912. The plaintiff only appeared and introduced his documentary and oral evidence. The witnesses were examined and the plaintiff argued his case.

"After hearing the evidence and the allegations of the plaintiff, the court sustains the complaint and as a consequence gives judgment against the defendant, Avelino Martínez Mercado, and in favor of the plaintiff, Agustín Hernández Mena, for the sum of $500 and the costs. Let a writ of execution be issued to the marshal. Mayagüez, P. R., July 29, 1912. (Signed) G. H. Moscoso, Municipal Judge."

An appeal was taken from the said judgment in the following terms:

"To the secretary of the court and to the plaintiff, Agustín Hernández Mena:

"You are hereby notified that not being satisfied with the judgment rendered by this court in this case on July 29 last, I appeal therefrom to the District Court of Mayagüez. Mayagüez, P. R., August 1, 1912. (Signed) José Benet, Attorney for the Defendant."

In support of his application for a writ of *certiorari* Agustín Hernández Mena alleges that it was proven before the Municipal Court of Mayagüez before proceeding to trial that the defendant, Avelino Martínez Mercado, had died on June 3, 1912, without leaving ascendants or descendants, his next surviving kin being several brothers, among them Manuel Martínez Mercado who so testified, and that it not having been ordered that the action should continue against the representative or successor of the deceased, as provided for by section 69 of the Code of Civil Procedure, Attorney José Benet was not empowered to take an appeal in the name of Manuel Martínez Mercado and had no legal capacity to solicit the nullity of the proceedings.

It being true, as shown by the record, that Avelino Martínez Mercado died on June 3, 1912; that the Municipal Court of Mayagüez had knowledge of that fact from the testimony of Manuel Martínez Mercado, a brother of the defendant who testified at the instance of the plaintiff, Agustín Hernández Mena, and that notwithstanding the death of the defendant the case was tried and judgment rendered against him instead of continuing the action against the representative or successor in interest of the deceased, pursuant to the provisions of section 69 of the Code of Civil Procedure, it is clear that Attorney José Benet lacked the legal capacity to take an appeal from the said judgment, whether he acted in the name of Avelino Martínez Mercado, deceased, or in the name of Manuel Martínez Mercado, who had not been substituted for his deceased brother by a judicial order, and it is equally manifest that the judgment appealed from is null and void on account of failure to comply with the section of the Code of Civil Procedure cited although Manuel Martínez Mercado could not secure a decree to that effect by means of the appeal. See the case of *José B. Pérez* v. *Teresa Soto* and *José Gerardo Vélez, decided* April 6, 1914.

Notwithstanding the foregoing, we are not inclined to

sustain the claim of nullity set up by Agustín Hernández Mena in his petition.

In deciding the *certiorari* proceedings of Estefanía Espada against Domingo Sepúlveda, Judge of the District Court of Ponce, on February 25 last we said:

"Except when so provided by statute, the writ of *certiorari* when invoked to correct the proceedings of an inferior tribunal is not a writ of right but should be issued only when a special reason therefor is shown to the court, and the court is vested with judicial discretion to grant or refuse the writ as justice may require in each case. This principle, set out in the foregoing terms in 6 Cyc., 748, is upheld in many decisions in Arkansas, California, Florida, Illinois, Louisiana, etc., and this Supreme Court of Porto Rico has applied it on many occasions, among others in the case of *Polo* v. *Domínguez*, 15 P. R. R., 592; *Torres* v. *Gill*, 17 P. R. R., 38, and particularly in the case of *Argüelles* v. *Rossy, District Judge*, 19 P. R. R., 995."

In the present case it occurs that the judgment of the Municipal Court of Mayagüez of July 29, 1912, was rendered in violation of section 69 of the Code of Civil Procedure, it being plainly void by reason of the lack of a hearing of the defendant, Avelino Martínez Mercado, who had died, or of his succession; that the District Court of Mayagüez acted in accordance with law in decreeing said nullity; that although Manuel Martínez Mercado had not been a party to the suit, as a brother of the defendant who had died without ascendants or descendants, he might be a party interested in the judgment rendered, and that the petition for a writ of *certiorari* filed on May 1, or more than eight months after the nullity was decreed, comes too late.

Under the circumstances attending this case and applying the principle heretofore laid down, we are not inclined to grant the remedy applied for by Agustín Hernández Mena, but, on the contrary, in the exercise of our judicial discretion, we deny the same in the interest of justice.

The writ of *certiorari* should be discharged and the case

remanded to the District Court of Mayagüez for such purposes as may be proper.

*Petition dismissed and writ denied.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.